# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROY LEE ANDERSON JR.,

      Petitioner,     :   Case No. 2:23-cv-3201

  - vs -           District Judge James L. Graham
                Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

                :
      Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Roy Anderson, Jr., is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 7) and the Return of Writ (ECF No. 8). In ordering Respondent to file an answer in this case, Magistrate Judge Deavers provided a deadline for a reply or traverse of twenty-one days after the answer was filed (ECF No. 4, PageID 29). Because the Answer was served on Petitioner by mail, that deadline was extended three days by operation of Fed.R.Civ.P. 6, making Petitioner's reply due January 13, 2024. That deadline has passed and Petitioner has filed no reply, making the case ripe without one.

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 9).

1

**Litigation History**

Petitioner was indicted by the Delaware County, Ohio, grand jury on six counts of violating a protection order in violation of Ohio Revised Code § 2919.27, (Counts 1, 2, 3, 4, 5 and 7), and one count of menacing by stalking in violation of Ohio Revised Code § 2903.211 (Count 6). (Indictment, State Court Record, ECF No. 7, Exhibit 1).  After plea negotiations he withdrew his plea of not guilty as to Counts One, Two, and Three and pleaded guilty to those counts.  *Id.* at Ex. 3.  He was then sentenced to serve an imprisonment term of eleven months on each count, with the terms of imprisonment to run consecutively to one another.  *Id.* at Ex. 5.  He appealed to the Ohio Fifth District Court of Appeals which affirmed the convictions and sentence.  *State v. Anderson*, 2023-Ohio-2870 (Ohio App. 5th Dist. Aug. 16, 2023).  Anderson never perfected an appeal to the Supreme Court of Ohio (See Return of Writ, ECF No. 8, PageID 134; the report of the appellate decision also shows no further appellate history).

Anderson timely filed his Petition in this Court by depositing it in the prison mail system on September 25, 2023 (ECF No. 1, PageID 15).  See . Houston  *v. Lack*, 487 U.S. 266 (1988).

## Analysis

In three separately numbered grounds for relief, Anderson pleads on claim, to wit, that the three offenses to which he pleaded guilty are allied offenses of similar import which should have been merged for purposes of sentencing.  However, he was sentenced separately and consecutively on all three in violation of Ohio Revised Code § 2941.25.

Respondent asserts these claims are procedurally defaulted because they were never presented to any Ohio court.  The procedural default doctrine in habeas corpus is described by the

Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that

were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

On their face, Petitioner's claims do not state a claim for relief under the United States Constitution. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). The allied offenses doctrine enacted in Ohio Revised Code § 2941.25 is a matter of Ohio, not federal constitutional law.

Ohio Revised Code § 2941.25 protects some of the same interests protected by the Double Jeopardy Clause of the United States Constitution. The Petition could, therefore, be liberally construed as making double jeopardy claims. However any such claims would be procedurally defaulted on the same basis as Respondent argues: no double jeopardy claim was ever presented to the Ohio courts.

Finally, Petitioner's claims under Ohio Revised Code § 2941.25 are without merit. Although this is, as noted above, a question of Ohio and not federal law, the Magistrate Judge notes that the three counts to which Petitioner pleaded guilty each alleges an offense committed on a separate date from the other: July 8, 2022 (Count One), July 9, 2022 (Count Two), and July

4

10, 2022 (Count Three).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 3, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge